# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GOLDENSITA, L.L.C; URSULA CATTS, individually; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-405<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TAMARA WAREKA p/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendants, GOLDENSITA, L.L.C; URSULA CATTS, individually; and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* and removal of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 1202(b).

## PARTIES

2. Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer residing in Germany.

3. Defendant, Goldensita, LLC ("Goldensita") is a Florida limited liability company with a principal place of business at 120 Lasa Commons Circle #102, St. Augustine, FL 32084.

4. Defendant Ursula Catts ("Catts") is an individual residing and/or transacting business in the State of Florida.

5. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of Florida and Defendants transact business in the State of Florida.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

10. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

11. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such

as NARS, KKW, Fenty, and Benefit.

12. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work is intended to deter would-be infringers from copying and profiting from her work without permission.

13. Williams often first her original photographs to her Instagram page and includes a watermark on the photographs as published to her Instagram page.

14. Williams' works often contain a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

15. Williams is the sole author and exclusive rights holder to a photograph close-up beauty photograph of a woman's face partially covered by her hair ("Angelia Photograph").

16. Williams' Angelia Photograph as originally published contained Plaintiff's Watermark.

17. Attached as Exhibit A is a true and correct copy of the Angelia Photograph, which includes Plaintiff's Watermark.

18. Williams registered the Angelia Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

19. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate for the Angelia Photograph.

20. Defendant Goldensita is a beauty salon offering facial and massage services, including microneedling and chemical peels, as well as branded self-care products. *See generally* https://www.goldensita.com/ (Goldensita's Website.")

21. At all relevant times, Defendant Catts was the principal officer, owner, or member of Goldensita.

22. Upon information and belief, Defendant Catts and Defendant Goldensita control and manage the Instagram account @goldensitaa www.instagram.com/goldensitaa/ ("Goldensita Instagram Account").

23. Goldensita's Instagram account contains a link in its bio, directing users of Instagram directly to a book services at the spa.

24. At all relevant times, the Goldensita's Instagram Account was readily accessible to the general public throughout Florida, the United States, and the world.

25. At all relevant times, Catts is, or was, the principal officer, owner, or member of Goldensita and had a direct financial interest in the content and activities of the Goldensita (including the activities alleged in this Complaint).

26. At all relevant times, Catts had the ability to supervise and control all content on the Goldensita's Instagram Account and Goldensita's Website.

27. Catts and Goldensita generate content Goldensita's Instagram Account

for commercial purposes to attract user traffic to Goldensita, to market and promote Goldensita's services and products, and to increase the customer base and revenue for the company.

***Defendants Unauthorized Use of the Angelia Photograph and***
***Willful Infringement***

28. On or about November 2, 2023, Williams discovered her Angelia Photograph being used in a post on Goldensita's Instagram Account used to promote their lip plumping product. ("Instagram Infringement").

29. Attached hereto as Exhibit C are true and correct screenshots of the Angelia Photograph as used in the Instagram Infringement on Goldensita's Instagram Account.

30. On or about November 2, 2023, Williams discovered her Angelia Photograph in use on Goldensita's Website on a page that allowed users to directly purchase Goldensita branded "Plumping Lip Gloss." ("Website Infringement").

31. Attached hereto as Exhibit D is a true and correct screenshot of the Angelia Photograph as used in the Website Infringement.

32. The Instagram Infringement and the Website Infringement shall collectively be referred to as the "Infringing Posts".

33. The purpose of the use of the Angelia Photograph was to provide high-quality and aesthetically pleasing content on Goldensita's congruent with Goldensita's marketing goals to entice users to purchase and use Goldensita branded

products and services.

34. Williams does not have a record of the Angelia Photograph being licensed to Catts or Goldensita, nor did Williams grant Catts, or Goldensita permission or authorization to use, make a copy of, or publicly display the Angelia Photograph with the Infringing Posts.

35. Catts and Goldensita (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Angelia Photograph and caused it to be uploaded to and displayed on Goldensita's Instagram and Goldensita's Website.

36. Catts and Goldensita (including their agents, contractors or others over whom they have responsibility and control) willfully used, displayed, published, and otherwise held out to the public Williams's original and unique Angelia Photograph in order to acquire a direct financial benefit, through revenue from salon services and/or the sales of Goldensita branded products, from the use of the Angelia Photograph.

37. After discovering the unauthorized use of the Angelia Photograph, Williams, through her counsel, contacted Catts and Goldensita in an attempt to resolve this matter but the parties were unable to reach a resolution.

# FIRST CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT
# 17 U.S.C. § 101, *et seq.*

38. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Williams owns a valid copyright in the Angelia Photograph.

40. Williams registered the Angelia Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

41. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) willfully and deliberately infringed upon Williams's rights in her copyrighted Angelia Photograph in violation of 17 U.S.C. § 501 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use Angelia Photograph.

42. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

43. As a result of Defendant's violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Williams's election, statutory damages in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendant's violations of Title 17 of the U.S. Code,

the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

45. Williams is also entitled to injunctive relief to prevent or restrain infringement of the copyright in her Angelia Photograph pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

46. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendants (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally removed copyright management information related to the Angelia Photograph.

48. Specifically, Defendants made unauthorized copies of the Angelia Photograph, and knowing it was not the rightful copyright owner and did not have permission from the owner of the Angelia Photograph, removed Plaintiff's Watermark from the Angelia Photograph before publishing the Angelia Photograph to Goldensita's Website and the Goldensita Instagram Page with the Infringing Posts.

49. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's Angelia Photograph, showing Plaintiff's Watermark, side by side with a true and

correct copy of Infringing Posts, zoomed in, showing where Defendants blurred or intentionally cropped out Plaintiff's Watermark.

50. Defendant's conduct was knowing and intentional because Defendants knew that they were not the copyright owner of the Angelia Photograph; Defendants knew they had not licensed the Angelia Photograph for use on the Goldensita Instagram or Goldensita Website; and Defendants knew they did not have consent to use the Angelia Photograph for use on the Goldensita Website or Goldensita Instagram Page.

51. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(b).

52. As a result of Goldensita's violations of 17 U.S.C. § 1202(b), Williams has sustained significant injury and irreparable harm.

53. As a result of Goldensita's violation of 17 U.S.C. § 1202(b), Williams is entitled to any actual damages and profits attributable to the violation of 17 U.S.C. § 1202(b), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Williams prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Williams's copyright interest in the

Angelia Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Williams's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For a finding that Defendants intentionally removed copyright management information on the Angelia Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(b);

- For an award of statutory damages for each violation of § 1202(b), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of Williams's copyrighted Angelia Photograph pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

11
COMPLAINT

Dated: April 24, 2024                    Respectfully submitted,

**/s/ Rosemary G. Sparrow**
Rosemary G. Sparrow, Esq.
FBN 1044700
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rsparrow@higbee.law
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Wareka p/k/a Tamara Williams, hereby demands a trial by jury in the above matter.

Dated: April 24, 2024                            Respectfully submitted,

**/s/ Rosemary G. Sparrow**
Rosemary G. Sparrow, Esq.
FBN 1044700
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rsparrow@higbee.law
*Counsel for Plaintiff*